UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No.: | 3:07-CR-85-TAV-HBG |
| | ) | | |
| DENNIS COADA, | ) | | |
| | ) | | |
| Defendant. | ) | | |

# **MEMORANDUM AND ORDER**

This criminal case is before the Court on the defendant's pro se motion for early termination of supervised release [Doc. 21].

The defendant pleaded guilty to possession of a firearm by a convicted felon [Doc. 19]. The defendant was sentenced to 78 months' imprisonment followed by a three-year term of supervised release [*Id.*].

In support of the motion, the defendant submits that he has completed over two years of his three-year term and does not desire to do anything illegal [Doc. 21]. He states that he is sixty-four years old and disabled, and is "ready to get all of this behind me" [*Id.*].

The government opposes the defendant's request [Doc. 23]. This opposition is based upon the defendant's criminal history, which the government submits spans four decades and resulted in a criminal history category V [*Id.*].

As the defendant is currently on supervised release, the relevant statute provides:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) --

> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]

18 U.S.C. § 3583(e)(1).

After carefully considering the requirements of the statute, the Court does not find, at this time, that the factors support an early termination of the defendant's supervised release. While the Court notes the defendant's submission that he does not desire to do anything illegal in the future, which the Court commends, the Court cannot overlook the seriousness of the defendant's offenses, and the defendant's criminal history. Thus, at this stage in his term of supervised release, the Court finds that continuation of this term is needed to reflect the seriousness of the offense, promote respect for the law, and to provide restitution.

In sum, the Court does not find that an early termination of the defendant's supervised release would be appropriate at this time. Because the Court does not find that the requirements of 18 U.S.C. § 3583(e)(1) have been satisfied, the defendant's request for early termination of supervised release [Doc. 21] is hereby **DENIED**.

IT IS SO ORDERED.

                                          s/ Thomas A. Varlan
                                          CHIEF UNITED STATES DISTRICT JUDGE